NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Arlo Pavich, | No. CV-23-00600-PHX-SRB (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| CoreCivic Incorporated, et al., | |
| Defendants. | |

Pro se Plaintiff, Michael Pavich filed a Motion for Grant of Leave to Amend Second Amended Complaint. The Magistrate Judge issued a Report and Recommendation on November 28, 2023 recommending denial of the motion because the proposed amendment, which sought to add the defendants previously dismissed on screening, still fails to state federal due process claims. Plaintiff filed Objections on December 11, 2023 and Defendants responded on December 26, 2023.

In her Report and Recommendation, the Magistrate Judge noted that all of Plaintiff's claims against the individual Defendants and against Core Civic are that they failed to follow specific administrative procedures regarding disciplinary reports and procedures which resulted in Plaintiff's placement in disciplinary housing because he would not participate in SHIP. The Magistrate Judge explained that the only federal due process procedures a prisoner is entitled to with regard to prison disciplinary proceedings are 1) written notice of the changes at least 24 hours

before the hearing; 2) a written statement as to the evidence relied upon and reasons for the disciplinary action; and 3) a limited right by the prisoner to call witnesses and present documentary evidence.  These are accurate statements of the limited due process rights that exist in prison disciplinary proceedings the violation of which can form the basis of a federal claim for violation of due process.

Despite the explanation in the Report and Recommendation and in this Court's earlier screening order which dismissed the defendants and claims Plaintiff seeks to reassert, (Doc. 12) Plaintiff made the same claims in his proposed Amended Complaint. That Plaintiff wishes to have more due process rights related to prison disciplinary proceedings than the law allows (and as argued in his Objections) is not a basis to sustain his objections and allow the claims to proceed against the earlier dismissed Defendants.  The Court agrees with Defendants' Response to Plaintiff's Objections that Plaintiff's Objections are general ones rather than specific as required by Rule 72(b), Fed. R. Civ. P. and do not trigger this Court's *de novo* review. Plaintiff has merely restated the allegations in his proposed Amended Complaint against each of the dismissed Defendants and argued his theories about due process.  The Court agrees with the Magistrate Judge that the proposed Amended Complaint fails to state claims for due process violations related to Plaintiff's disciplinary proceedings and placement in disciplinary housing.

IT IS ORDERED overruling Plaintiff's Objections to the Report and Recommendation. (Doc. 26)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 24)

. . .

. . .

. . .

. . .

. . .

IT IS FURTHER ORDERED denying Plaintiff's Motion for Grant of Leave to Amend Second Amended Complaint. (Doc. 17)

Dated this 11th day of January, 2024.

Susan R. Bolton
United States District Judge